UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD ANTHONY NIELSON, | Case No. 2:25-cv-0794-JDP (P) |
| Petitioner, | |
| v. | ORDER |
| UNKNOWN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. He also moves to proceed *in forma pauperis*, ECF No. 6, and for a thirty-day extension of time to supplement his petition, ECF No. 7. I cannot discern what claims petitioner is attempting to bring, and I will dismiss the petition with leave to amend to allow petitioner an opportunity to address the deficiencies noted herein. I will also deny petitioner's motion for an extension of time; he will have an opportunity to provide the referenced additional documents should he choose to amend his petition. I will deny petitioner's motion to proceed *in forma pauperis* as moot because he has already paid the filing fee.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the

1

petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

The petition is 181 pages long, consisting of 43 handwritten pages accompanied by a seemingly random mix of state court documents. *See* ECF No. 1. The first thirty pages read like a nonchronological narrative of events underlying petitioner's conviction. *See id.* at 2-31. The last handwritten pages list what appear to be claims such as violations of due process, ineffective assistance of counsel, prosecutorial misconduct, evidence tampering and spoliation, and challenges to sentencing guidelines. *See id.* at 32-42. I cannot piece together what facts from petitioner's thirty-page narrative go with which claim, and most of the claims are conclusory and include only citations to case law with no factual support. *See generally id.* As such, the petition fails to state a claim. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) (holding that "conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief").

Furthermore, I cannot tell from the allegations when petitioner's conviction became final, whether he directly appealed his conviction, or whether he has filed any state habeas petitions. As such, I cannot determine whether his petition was filed within the statutory period and whether he has exhausted his state court remedies, which are prerequisites for a habeas petition. *See* 28 U.S.C. § 2244(d)(1) (setting a one-year statute of limitations for filing habeas petitions, which requires courts to know the date on which the judgment being challenged became final); *see also* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State[.]").

Rather than recommending dismissal of the case, I will dismiss the petition with leave to amend. Petitioner may file a new petition that addresses these deficiencies and explains why, if at all, his claims should proceed.

Accordingly, it is ORDERED that:

1. Petitioner's application to proceed *in forma pauperis*, ECF No. 6, is DENIED as moot.

2. Petitioner's motion for an extension of time to file additional documentation, ECF No. 7, is DENIED.

3. The petition, ECF No. 1, is DISMISSED with leave to amend.

4. Within thirty days from service of this order, petitioner shall file either (1) an amended petition or (2) notice of voluntary dismissal of this action without prejudice.

5. Failure to timely file either an amended petition or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6. The Clerk of Court shall send petitioner a habeas petition form with this order. If he files an amended complaint, he must use this form.

IT IS SO ORDERED.

Dated:     May 22, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE